# IN THE UNITED STATES DISTRCT COURT FOR THE
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**BERNICE RUTLAND,**                                          **Plaintiff,**

**v.**                  **Case No.: 3:2021-00234-MPM-JMV**

**ROBINSON PROPERTY GROUP LLC;**
**DESERT MEDICAL EQUIPMENT,**
**d/b/a DESERT MEDICAL EQUIPMENT, INC.,**
**AND CYNTHIA JANIE SCOTT**                      **Defendant.**

## FIRST AMENDED COMPLAINT

Comes now Bernice Rutland, the Plaintiff, by and through her attorney of record, James F. Valley, J. F. VALLEY, ESQ., P.A. and for her complaint would respectfully show the following unto the court:

## JURISDICTION AND VENUE

1. The Circuit Court of Tunica, County, Mississippi, has jurisdiction of this case because the plaintiff is seeking damages against the defendant in this civil proceeding, thereby, giving this Court jurisdiction under Mississippi Code Annotated § 11-11-3(1)(a)(i) civil action … shall be commenced in the county where the defendant … corporation has its principal place of business or … where a substantial act or omission occurred or where a substantial event that caused the injury to occur.

2. The venue of this action in Tunica, County, Mississippi, pursuant to the Mississippi Code Annotated § 11-11-3.

3. That this matter has, since the initial filing in the Circuit Court of Tunica County, Mississippi, been removed from state court to federal court subject to the court's determination of actual diversity jurisdiction.

## PARTIES

4. Plaintiff, at the time of the incident and when filing the complaint, is a resident, citizen, registered voter and landowner in Lula, Coahoma County, Mississippi. That the plaintiff's domicile is in Lula, Mississippi which has been her home for more than ten (10) years.

5. At all times, material and relevant hereto, defendants, Robinson Property Group, LLC, have been authorized to do business in the State of Mississippi and are the owners of the property which provided or allowed motorized wheelchairs to be provided on the property where plaintiff sustained injuries. Desert Medical Equipment, which is the company which supplied the motorized wheelchairs, is in the State of Mississippi and authorized to do business in the State of Mississippi. The registered agent is Bryan Schultz, 1120 Broad Ave, Gulfport, MS 39501. Cynthia Janie Scott was the operator of the motorized wheelchair.

6. Upon information and belief, Plaintiff alleges Defendant Robinson Property Group LLC, is a Limited Liability Company doing business in the State of Mississippi with its principal address located at One Caesars Palace Drive, Las Vegas, NV 89109.

7. Upon information and belief, Plaintiff further alleges that Robinson Property Group, LLC is a wholly owned subsidiary of New Robinson Property, LLC (i.e. Robinson Property Group, LLC's only member is New Robinson Property, LLC), which is owned by Horseshoe Gaming Holding, LLC and Horseshoe GP, LLC (i.e. Horseshoe Gaming Holding, LLC and Horseshoe GP, LLC are the only two members of New

Robinson Property Group, LLC). Horseshoe Gaming Holding, LLC is a wholly owned subsidiary of Caesars Entertainment Operating Corp., LLC (i.e., Caesars Entertainment Operation Corp., LLC is the only member of Horseshoe Gaming Holding, LLC), which is in turn a wholly owned subsidiary of Caesars Entertainment Corporation, Inc., a Nevada and Delaware Corporation (i.e. Caesars Entertainment Operating Corp., LLC's only member is Caesars Entertainment Corporation, Inc.). Horseshoe GP, LLC is a wholly owned subsidiary of Horseshoe Gaming Holding, LLC, as described above.

8. Upon information and belief, Defendant Robinson Property Group LLC, and may be served with process through its registered agent Corporation Service Company located at 7716 Old Canton Road, Suite C, Madison, MS 39110.

9. Upon information and belief, Defendant Cynthia Janie Scott can be served with process at 6511 Keswick Cove, Memphis, TN 38119.

**FACTUAL BACKGROUND AND ALLEGATIONS COMMON TO ALL COUNTS**

10. On the 14th day of September 2019, Bernice Rutland was a patron at the Horseshoe Casino, which is operated by the Defendants.

11. Bernice Rutland, accompanied by her sister-in-law, Brenda Reyna, had gone to the casino for some gaming entertainment.

12. While playing one of the slot machines, Bernice Rutland was abruptly struck and slung several feet behind her original position by a motorized chair being operated by another patron of the casino. There is a video of this incident. The wheelchair was provided by Desert Medical Equipment, according to the case management personnel with Horseshoe.

13. That the plaintiff was badly injured from the impact of the motorized scooter contacting the swivel chair and her leg that slung her to the floor several feet behind her original position.

14. That the Plaintiff made every effort to stay on her feet and keep her footing, however, the strike was swift and forceful. Ruland never saw the strike coming. She was basically ambushed

15. Angela King and Brittany Avery were forced to get out of the way to not be struck by the same motorized wheelchair that struck Bernice Rutland. After the incident, Brenda Reyna was approached by Angela King and Brittany Avery who were witnesses to the events. The Defendants were not concerned, as best the plaintiff can tell, about the safety of the Plaintiff or other guests who could have been injured by the motorized scooter.

16. After Rutland and Reyna insisted, an employee of Horseshoe took a statement from Ms. Rutland and took pictures of her immediately following the incident. That the employees failed and refused to stop the lady operating the motorized scooter. Instead, the employee escorted Reyna and Rutland from the casino which was a humiliating act on the part of the casino. Reyna and Rutland were very embarrassed by their treatment from the casino personnel. The casino personnel did not check to see if Cynthia Janie Scott was intoxicated or under the influence of anything that might have caused her to act the way she did.

17. That the defendant owed the plaintiff the duty to use ordinary care to maintain the premises in a reasonably safe and hazard-free condition.

18.     That plaintiff contends the defendant failed to maintain the premises in a reasonably safe condition, and that condition caused the injuries and damages complained of by the plaintiff in this case.

### COUNT ONE
### NEGLIGENCE

19.     As a cause of action and ground for relief, the plaintiff alleges the factual matters described in the previous paragraphs of this Complaint as part of this count.

20.     That at no time did the defendants or either of them attempt to make contact with the operator of the motorized wheelchair.

21.     This incident was by negligence of the defendant, which consists of, but is not limited to, the following, which negligence was a proximate cause of the alleged injuries and damages sustained by the plaintiffs, viz:

(a)     Negligently failed to maintain the premises in a safe condition for business invitees.

(b)     Failed to use ordinary care under the circumstances.

(c)     Failed to inspect and maintain the premises so as to avoid the injuries.

(d)     Failed to train the wheelchair operator on proper use of the motorized wheelchair;

(e)     Failure to stop the motorized wheelchair operator and ascertain whether she was under the influence of any intoxicants; and

(f)     Was otherwise guilty of negligence, which will be more particularly described during the course of litigation.

## COUNT TWO
## NEGLIGENT ENTRUSTMENT

22. Plaintiff further alleges Defendant, Robinson Property Group LLC had the right of control over the motorized wheelchair which was involved in the incident that is the subject of the lawsuit.

23. Plaintiff further alleges that Defendant, Robinson Property Group LLC entrusted a dangerous instrumentality, to wit, the motorized wheelchair, to Defendant, Cynthia Janie Scott, on or about September 14, 2019.

24. Upon information and belief, Plaintiff further alleges that Defendant, Cynthia Janie Scott, was incompetent to drive said vehicle based upon her past driving history and/or experience.

25. Plaintiff further alleges that Defendant, Robinson Property Group LLC, knew and/or should have known that the entrustment of the aforementioned vehicle to Defendant, Cynthia Janie Scott, would create an unreasonable risk of physical harm to Plaintiff, Bernice Rutland and others and that Plaintiff, Bernice Rutland, would be endangered by the use of the subject vehicle by Defendant, Cynthia Janie Scott.

26. Plaintiff alleges that Defendant, Robinson Property LLC's, entrustment of the vehicle to Defendant, Cynthia Janie Scott, was the direct and proximate cause of the incident at issue, and the resulting injuries and damages sustained by Plaintiff.

## COUNT THREE
## NEGLIGENT ACTS AND/OR OMISSIONS

27. Plaintiff adopts and re-alleges the allegations contained in Paragraphs One through Twenty-nine (1-26) above as if fully set forth herein. Plaintiff charges and alleges that Defendant Cynthia Janie Scott negligently and wantonly operated her motorized wheelchair vehicle, causing it to strike the stool/chair in or on which the Plaintiff was sitting while playing one of the casino's gaming machines.

28. Plaintiff charges and alleges that Defendant Cynthia Janie Scott is guilty of one, some, or all of the following acts and/or omissions of common law negligence which were the direct and proximate cause of Plaintiff's injuries, to-wit:

    a. Negligently failing to maintain a proper lookout ahead or for patrons in the casino;

    b. Negligently failing to maintain proper control of the motorized wheelchair under the existing circumstances;

    c. Negligently failing to devote full time and attention to the operation of the motorized wheelchair;

    d. Negligently failing to use the degree of care and caution that was required under the existing circumstances;

    e. Negligently failing to operate the motorized wheelchair at a safe speed for the circumstances then and there existing;

    f. Negligently failing to use that degree of care and caution in the operation of the motorized wheelchair as was required of a reasonable and prudent person under the same or similar circumstances at the time and place of the aforementioned collision;

g.  Negligently failing to yield to traffic that has the right of way; and

h.  Negligently failing to avoid a collision when Defendant knew and/or should have known that a collision was imminent.

## NEGLIGENCE PER SE

29.  Plaintiff adopts and re-alleges the allegations contained in Paragraphs One through Thirty-One (1-28) above as if fully set forth herein.

30.  Plaintiff charges and alleges that at the time of the incident in question, the following statutes of the Mississippi Code Annotated were in full force and effect and were violated by Defendant, Cynthia Janie Scott, constituting negligence per se, to wit:

**Section 63-3-201**: Offenses and penalties generally:

**Section 63-3-1201:** Reckless driving:

**Section 63-3-1213:** Careless or imprudent driving:

## INJURIES AND DAMAGES

31.  Plaintiff adopts and re-alleges the allegations contained in Paragraphs One through Twenty-Three (1-30) above as if fully set forth herein.

32.  Plaintiff Bernice Rutland alleges that as a direct and proximate result of the herein above-described violations of Mississippi common law and state statutes by Defendants, Plaintiff, Bernice Rutland sustained multiple, serious injuries

33.  Plaintiff, sustained injuries and damages, and as a result of the incident, which injuries and damages consist of, but are not limited to, the following, viz:

(a)  Past medical expenses;

(b)  Past and future pain and suffering;

(c)  Past and future mental anguish;

(d)  Scars, disfigurement, and other visible results of her injuries; and

(e) Other damages that will be more particularly described during the course of the litigation including punitive or exemplary damages.

## JURY DEMAND

34. Plaintiff, pursuant to the Rules of Civil Procedure and the local practice, demands a jury trial on all factual issues.

>Respectfully Submitted,
>BERNICE RUTLAND, Plaintiff
>
>/s/ James F. Valley
>
>By: _____
>James F. Valley, Esq.
>Mississippi Bar No. 10132
>**J. F. VALLEY, ESQ., P. A.**
>423 Rightor Street
>Post Office Box 451
>Helena-West Helena, AR  72342-0451
>(662) 985-6475 Phone/Fax
>James@jamesfvalley.com email

## CERTIFICATE OF SERVICE

I, James F. Valley, counsel to the Plaintiff, do hereby certify that I have filed this document electronically and it will be served upon all counsel of record in due course on January 26, 2022

/s/ James F. Valley