IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**BERNICE RUTLAND**                                                                                 **PLAINTIFF**

**VS.**                         **CIVIL ACTION NO.: 3:21-CV-234-MPM-JMV**

**ROBINSON PROPERTY GROUP, LLC, ET AL.**            **DEFENDANT**

## ORDER GRANTING DEFENDANT'S MOTION TO QUASH AND FOR PROTECTIVE ORDER AND SANCTIONS

**BEFORE THE COURT** is Defendant Robinson Property Group, LLC's Motion to Quash Subpoenas and for Protective Order and Sanctions [55]. The Court, having considered the motion and the Plaintiff's response in opposition, finds that for the reasons detailed below it should be **GRANTED**.

### Background

In the District Judge's November 9, 2022, Order [48], he put the parties on notice that "The Court emphasizes that all parties are expected to comply in good faith with case scheduling deadlines and that failure to do so may result in sanctions." [48] at n.1.

On March 3, 2023, Plaintiff filed two Notices of Deposition in this matter: the deposition of Pam Cook [53] and the deposition of Genoise Brooks [54]. Both individuals are employed by Robinson Property Group. According to counsel for Defendant, on March 6, 2023, Both Ms. Cook and Mr. Brooks were served with subpoenas in connection with the Notices of Deposition; however, there is no record of subpoenas having been issued by this Court and no proof of return on the docket. On March 7, 2023, counsel for Defendant filed the instant motion seeking to

1

quash subpoenas that had been issued to Ms. Cook and Ms. Brooks on the basis that the depositions had been noticed unilaterally five (5) days prior to the date set for those depositions, which were set to occur the following day, on March 8, 2023.

In the response filed by counsel for Plaintiff, he cites L.U. Civ. R. 37, which states that, "The filing of a motion for a protective order to limit or quash a deposition does not operate as a stay of the deposition. It is incumbent upon the party seeking the protection of the court to obtain a ruling on the motion before the scheduled deposition." However, according to counsel for Defendant, the deponents (Pam Cook and Genoise Brooks) were not made aware of the deposition notices until March 6, 2023, and the instant motion was filed March 7, 2023, in advance of the March 8, 2023, depositions. The Court notes that the depositions were noticed on the docket on March 3, 2023. [53] and [54].

In support of his response in opposition to the motion to quash and for protective order, counsel for Defendant attached as Exhibit A what purports to be a "transcription of the telephone call between Ms. Adelman and James F. Valley" that occurred on March 7, 2023, around 4:01 p.m. Resp. [61] at ¶¶7; 11. "This was transcribed by Speakwrite, a transcription service out of Austin, Texas with typist [sic] throughout the United States who are paid to type what they hear." *Id.* at ¶7.

> Counsel for Plaintiff asserts that:
>
> The transcription reveals, to a limited existent, the nature of The Honorable Rebecca Adelman's appropriate [sic] tone and blatant misrepresentations presented to the court regarding Mr. James F. Valley's behavior during the call. Specifically, the motion describes Mr. Valley as speaking in a "disturbing manner." Nothing could be further from the truth than that statement. The audio of the call is available for inspection upon request. The Honorable Rebecca Adelman's tone and approach have made it very difficult to speak with her about anything. It is a dreaded call; dreadful experience.

*Id.* at ¶¶8-9.

2

According to the "transcription" of the telephone call between counsel on March 7, 2023, that counsel for Plaintiff attached as Exhibit A in support of his response, counsel for Defendant requested (at least three times) that the deposition notices be withdrawn in order to avoid filing the motion to quash and for protective order. *See* Ex. A to [61] at 3; 5. Yet, the notices were not withdrawn prior to the filing of the instant motion [55].

## Law and Analysis

Federal Rule of Civil Procedure 30(b)(1) requires "reasonable written notice" to parties before a deposition. Fed. R. Civ. P. 30(b)(1). "While Rule 30(b)(1) does not define "reasonable written notice," courts within the Fifth Circuit have held that at least ten days is normally required." *Duhaly v. Cincinnati Ins. Co.*, 2019 WL 3202307, at *1 (S.D. Tex. July 16, 2019); *see, e.g., Keybank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, No. 09-497-JJB-SCR, 2010 WL 1252328, at *3 (M.D. La. Mar. 24, 2010) (notices "served on February 8 for depositions to be taken on February 11–15" were not reasonable notice); *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, No. 06-00593, 2008 WL 449972, at *2 (E.D. La. Feb 14, 2008) (the court previously held that four business days is not "reasonable written notice" (citing *Auto Club Family Ins. v. Provosty*, No. 05-6482, 2006 WL 2568054, at *2 (E.D. La. Sept. 5, 2006))).

Within the Northern District of Mississippi, it has been "routinely held that 'reasonable written notice' should be at least 10 calendar days." *Cleveland v. Coldwell Banker Real Estate Corp.*, 2008 WL 141195, at *1 (N.D. Miss. Jan 10, 2008). In this case, counsel for Plaintiff filed the deposition notices at 4:24 p.m. (Pam Cook) and 4:25 p.m. (Genoise Brooks) on Friday, March 3, 2023, for depositions unilaterally set on Wednesday, March 8, 2023, at 1:00 p.m. *See* [53] and [54]. Therefore, the undersigned finds that reasonable written notice was not provided, and that the motion to quash and for protective order and sanctions is due to be granted.

In her response, Plaintiff argues that:

> Adelman cannot prevail on the motion to quash as she did not get a hearing prior to the set time for the depositions. Furthermore, the court has granted a separate motion permitting the taking of the depositions before April 11, 2023.

Resp. [61] at ¶13.

The Court finds that this argument lacks merit. At the time the depositions were noticed on March 3, 2023, discovery was set to expire the day *after* the depositions were set to take place, on March 9, 2023, and no motion for an extension of said discovery deadline had been filed. The Plaintiff's Second Motion to Extend CMO Deadlines [56] was not filed until March 9, 2023, after the close of business at 10:17 p.m., the day the discovery deadline expired. Defendant filed a response in opposition to the motion to extend CMO deadlines [58], and the undersigned held a telephonic status conference on March 14, 2023. The Court, at that time, extended the discovery deadline until April 11, 2023, for the limited purpose of conducting the depositions of Pam Cook and Genoise Brooks. *See* Min. Entry [59]. During the telephonic conference on March 14, 2023, the Court informed the parties that it would await a response from Plaintiff before deciding the instant motion to quash and for protective order and sanctions [55].

Fed. R. Civ. P. 26(c) allows this Court to issue a protective order to protect from undue burden or expense. Furthermore, Plaintiff had a duty under Fed. R. Civ. P. 45(d) to take steps to avoid undue burden and expense, and Plaintiff has breached that duty by failing to confer regarding the scheduling of party depositions. In addition to undue burden, Fed. R. Civ. P. 45(d)(3)(i) requires the Court to quash subpoenas when there is not reasonable time given to comply. Fed. R. Civ. P. 37(a)(5) provides that "if the motion for protective order is granted, the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's

4

reasonable expenses incurred in making the motion, including attorney's fees."

Here, Plaintiff's counsel unilaterally noticed two depositions without reasonable written notice as required by Fed. R. Civ. P. 30(b)(1), failed to withdraw said notices following requests to do so from counsel for Defendant on the March 7, 2023, telephone call, and counsel for Plaintiff was given an adequate opportunity to respond to the motion to quash and for protective order and sanctions [55]. Because this Court finds that the motion to quash and for protective order is well-taken, the rules require—subject to certain exceptions prescribed by Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii), which are not applicable here—the Court to grant sanctions.

Finally, the undersigned would be remiss to fail to acknowledge the lack of professionalism that has been displayed as it relates to this dispute and this case in its entirety. Counsel is reminded that "[l]awyers should treat each other, the opposing party, the court, and members of the court staff with courtesy and civility and conduct themselves in a professional manner at all times." APPENDIX H. THE MISSISSIPPI BAR GUIDELINES OF PROFESSIONAL CONDUCT, MS Prac. Trial Handbook for Lawyers Appendix H (3d ed.). Furthermore, "A lawyer should not use any form of discovery, or the scheduling of discovery, as a means of harassing opposing counsel or counsel's client." *Id.* Lastly, "Effective advocacy does not require antagonistic or obnoxious behavior and members of the Bar will adhere to the higher standard of conduct which judges, lawyers, clients, and the public may rightfully expect." *Id.*

## Conclusion

**IT IS, THEREFORE, ORDERED** that the motion to quash subpoenas and for protective order and sanctions [55] shall be and is hereby **GRANTED**. Counsel for Defendant may file a motion pursuant to Fed. R. Civ. P. 37(a)(5) seeking movant's reasonable expenses incurred in making the motion to quash subpoenas and for protective order and sanctions,

including attorney's fees. Such motion must be filed on the docket within seven (7) days. Plaintiff will then have fourteen (14) days to respond, and Defendant shall have seven (7) days to file its reply.

    **SO ORDERED,** this the 5th day of April, 2023.

                                          /s/ Jane M. Virden
                                          UNITED STATES MAGISTRATE JUDGE