IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**BERNICE RUTLAND**                                                                                            **PLAINTIFF**

**V.**

**NO: 3:21-CV-234**

**ROBINSON PROPERTY GROUP LLC, et al.**                                                      **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on Defendant Robinson Property Group LLC's motion for summary judgment (ECF No. 70). Plaintiff has responded in opposition to the motion, and Defendant has replied. The Court has thoroughly reviewed the record and carefully considered the applicable law. This is the decision of the Court.

### BACKGROUND

In September 2019, Plaintiff Rutland and her sister-in-law, Ms. Reyna, went to the Horseshoe Casino in Tunica, Mississippi, which Defendant Robinson operates, "for some gaming entertainment." (Rutland Decl., ECF No. 71, PageID.426). While Ms. Rutland was playing a slot machine, another patron driving a motorized scooter collided with her, knocking Ms. Rutland off the swivel chair in which she sat. (*Id.*) It is undisputed that the person driving the scooter, Defendant Cynthia Scott, had rented the scooter from Horseshoe.

Ms. Rutland states in general terms that she "was badly injured from the impact", but she provides no medical records or other documentation of any specific injury. Ms. Rutland notes that a Horseshoe employee took her statement and took pictures of her immediately after the incident occurred. (*Id.*, PageID.427). Ms. Rutland refused medical treatment. She complains that "the

employees failed and refused to stop the lady operating the motorized scooter" and escorted Ms. Rutland from the casino, which embarrassed her. (*Id.*) Ms. Rutland offers no documentation of any lingering effects of the alleged embarrassment.

As to Defendant Robinson, Plaintiff brings claims of negligence and negligent entrustment. (ECF No. 17).[1] Plaintiff has had ample time to gather evidence to support her claims.[2] But her showing on summary judgment consists of a single sworn statement of general allegations lacking specific detail. Defendant Robinson seeks summary judgment in its favor.

## LEGAL STANDARDS

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute as to material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 248 (1986). At the summary judgment stage, the court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). If a moving party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 634 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)

---

[1] As to Defendant Cynthia Scott, Plaintiff brings claims of negligent acts and/or omissions and negligence per se. The Court has been advised that Ms. Scott is no longer living, but no party has placed a suggestion of death upon the record.
[2] The case was removed to this Court in November 2021. The Magistrate Judge has extended the discovery deadline in this case twice (ECF Nos. 60, 64).

2

(quoting *Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1075.

### DISCUSSION

In response to Defendant's motion for summary judgment, Plaintiff Rutland has adduced a single declaration that consists of conclusory allegations and unsubstantiated assertions. Absent a more specific showing of duty, breach, causation, and injury, she cannot prevail in a negligence action. Plaintiff Rutland has failed to meet her burden at the summary judgment stage to demonstrate a genuine issue as to material fact. On this record, summary judgment in favor of Defendant Robinson is appropriate.

The Court has fully examined the record, the exhibits, and the laws in this case and further finds that no claims for damages exist whatsoever. Therefore, the Court rules *sua sponte* that the claims against Defendant Scott should also be dismissed.

**ACCORDINGLY, IT IS ORDERED**:

The motion for summary judgment filed by Defendant Robinson Property Group LLC (ECF No. 70) is **GRANTED** and further that the claims against Defendant Cynthia Scott are also **DISMISSED** with prejudice.

This case is **CLOSED**.

**SO ORDERED AND ADJUDGED**, this, the 15th day of August, 2023.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**